<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS COMPANLONI, et al., | Civil Action No. 13-4054 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| JANET MONROE, et al., | |
| Defendants. | |

**APPEARANCES**:

    CARLOS COMPANLONI
    Greystone Hospital
    59 Koch Avenue – Wing E-2
    Morris Plains, NJ 07950
    Plaintiff *Pro Se*

<u>**MARTINI, District Judge**</u>:

    Carlos Companloni and five other persons who are presumably civilly committed by the State of New Jersey and confined at Greystone Hospital, seek to file a Complaint against Janet Monroe, the Chief Executive Officer at Greystone, and several nurses and employees of the facility. Plaintiffs did not prepay the filing fee. Plaintiff Carlos Companloni signed an affidavit of poverty, but none of the other Plaintiffs listed in the caption seek permission to file the Complaint without prepayment of the filing fee. This Court will grant Companloni's application to proceed *in forma pauperis* and direct the Clerk to file the Complaint in his behalf only. As required by 28 U.S.C. § 1915(e)(2)(B), and for the reasons expressed in this Opinion, this Court will dismiss the Complaint.

## I.  BACKGROUND

Although the handwritten pleading is difficult to decipher, this Court gleans the following facts, which this Court is required to regard as true for the purposes of this review.  Plaintiffs are confined in Wing E-2 of the hospital.  They allege that they were "subjected to [illegible] unwanted physical and emotional harm by Defendants between January 2012 up to June 7, 2013 when Defendants in their supervisory and [illegible] capacities failed to protect Plaintiffs from harm when Defendants failed and refused to timely [illegible] stop Thomas Scelto from committing criminal acts and continuous criminal acts against Plaintiffs contrary to the law." (Complaint, ECF No. 1 at 3.)  Plaintiffs further allege that Defendants had a "duty to protect Plaintiffs from imminent danger which Defendants knew Thomas Scelto posed against Plaintiffs . . on Wing E-2."  *Id.* at 3-4.   Plaintiffs state that Defendants had prior knowledge of the dangers posed by Thomas Scelto as a result of prior unspecified incidents, and Defendants failed to take appropriate actions to protect Plaintiffs from the emotional distress caused by Thomas Scelto. For violation of their rights, Plaintiffs seek compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis* and to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because this Court is granting Plaintiff permission to proceed *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2]  To recover under § 1983, a plaintiff

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. 14. "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf - through incarceration, institutionalization, or other similar restraint of personal liberty - which is the 'deprivation of liberty' triggering the protections of the Due Process Clause." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200 (1989). "[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by the . . . Due Process Clause." *Id.* In *Youngberg v. Romeo*, 457 U.S. 307, 314-25 (1982), the Supreme Court held that the substantive component of the Fourteenth Amendment's Due Process Clause requires the State to provide involuntarily committed mental patients with such services as are necessary to ensure their reasonable safety. *Id.; DeShaney*, 489 U.S. at 199. The Court held that a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 321-22, 323 (footnotes omitted).

---

        party injured in an action at law, suit in equity, or other proper
        proceeding for redress.

42 U.S.C. § 1983.

The problem with this Complaint is that it does not assert facts supporting Companloni's conclusions that Thomas Scelto posed a danger to Companloni. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to assert a claim for relief. *Iqbal,* 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Because Companloni does not assert facts showing that Thomas Scelto posed a danger, it does not state a claim for relief under § 1983.

In addition, Companloni does not assert facts showing that any Defendant was personally involved in failing to protect him from danger. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. As Companloni fails to assert facts showing that Janet Monroe or any other Defendant was personally involved in failing to protect him from danger posed by Thomas Scelto, as written, the Complaint has not "nudged [Plaintiff's] claims" "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citation and internal quotation marks omitted). Because Plaintiff's allegations do not state a claim under the Constitution and § 1983, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

B.   <u>Amendment</u>

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In this case, it is conceivable that Companloni may be able to allege facts substantiating his assertions that Thomas Scelto posed a danger to Companloni and that one or more Defendants was personally involved in failing to protect

5

Companloni from that danger.   The dismissal of the Complaint is without prejudice to the filing of an Amended Complaint that is legibly written, complete on its face, and asserts facts showing how each named defendant was personally involved in failing to protect Companloni from a known danger posed by Thomas Scelto.

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Companloni's application to proceed *in forma pauperis* and dismiss the Complaint.

                                           s/William J. Martini

                                           **WILLIAM J. MARTINI, U.S.D.J.**

DATED: May 1, 2014